**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Trakas;<br><br>    Plaintiff,<br><br>vs.<br><br>Barnett Management Co., an Arizona corporation; Bill Griffith and Jane Doe Griffith, husband and wife;<br><br>    Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

  Plaintiff Nicholas Trakas, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against Defendant Barnett Management Co. avers as follows:

## NATURE OF THE CASE

1. The Americans with Disabilities Act (herein as "ADA") was enacted by Congress in order to combat the historical discrimination against individuals with disabilities and the "unnecessary discrimination and prejudice [that] denies people with disabilities the opportunity to compete on an equal basis and to purpose those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a)(8).

2. To accomplish its goals with respect to employment discrimination, the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

3. The Family and Medical Leave Act is designed "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601.

4. Employers must allow their employees leave from work in the event that the employee or a family member has a "serious health condition," for the employee's birth or adoption of a child, or other "qualifying exigency" in the employee's life. *See* 29 U.S.C. § 2612(a)(1).

5. Employees returning from FMLA leave must "be restored by the employer to the position of employment held" at the time the leave began or "be restored to an equivalent position with equivalent employment benefits, pay, and other terms and

conditions of employment." 29 U.S.C. § 2614(a)(1).

6. Employers are prohibited from interfering with, restraining, or denying employees' requests for FMLA leave, from discriminating or retaliating against employees taking FMLA leave, and from retaliating against claimants or non-claimants for giving information or assistance related to a charge of the employer's non-compliance with the FMLA. 29 U.S.C. § 2615.

7. Plaintiff brings this action against Defendant for denying him the protections provided under, and for retaliating against Plaintiff for exercising the rights authorized by, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA").

8. Plaintiff seeks to recover damages in the amount of wages, salary, benefits, or other compensation denied by reason of Defendant's FMLA violations or actual monetary lossess sustained by Plaintiff as a direct result of Defendant's FMLA violation, an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 2617.

9. The Arizona Employment Protection Act (herein as "AEPA") codifies Arizona law with respect to wrongful termination and the public policy exception to the employment-at-will doctrine. A.R.S. § 23-1501.

10. Plaintiff brings this action seeking damages for discrimination by Defendant as a result of Plaintiff's disability, contrary to the ADA, and for retaliation by Defendant resulting from Plaintiff's exercise of rights under Arizona's workers' compensation laws.

## **JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 28 U.S.C. § 1331.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because all conduct complained of herein occurred in this District.

13. Plaintiff timely filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue from the EEOC on September 13, 2013.

14. All jurisdictional prerequisites have been satisfied.

## **PARTIES**

15. At all times material hereto, Plaintiff Nicholas Trakas was and continues to be a resident of Maricopa County, Arizona.

16. On information and belief, at all times material hereto, Defendant Barnett Management Co. was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

17. On information and belief, Defendants Bill Griffith and Jane Doe Griffith are husband and wife and, at all material times, resided in Maricopa County, Arizona.

18. Jane Doe Griffith is the fictitious name of the spouse of Defendant Bill Griffith. When the true name of Defendant Jane Doe Griffith is learned, it will be substituted into these pleadings accordingly.

19. On information and belief, all acts and omissions alleged in this Complaint against Defendant Bill Griffith were performed on behalf of and for the benefit of the

marital community of Defendants Bill Griffith and Jane Doe Griffith, rendering their marital community liable for the conduct of Defendant Bill Griffith.

20. All Defendants are co-equally liable for all matters.

21. On information and belief, Defendants made all managerial and operational decisions on behalf of the business.

22. At all relevant times, Plaintiff was a "qualified individual" and an "employee" under the ADA, as defined by 42 U.S.C. § 12111(4), (8).

23. At all relevant times, Defendant Barnet Management Co. and Defendant Bill Griffith each was a "covered entity" and an "employer" under the ADA, as defined by 42 U.S.C. § 12111(2), (5).

24. At all relevant times, Defendant Barnett Management Co. was acting through its agents and employees and is liable for the actions of those agents and employees under the doctrine of respondeat superior.

### FACTUAL BACKGROUND

25. Plaintiff was hired in 2004 by Defendant Barnett Management Co. to work as the maintenance director in the twenty-three Burger King restaurants it owns and manages in Maricopa County, Arizona.

26. Defendant Barnett Management Co. hired Defendant Bill Griffith as the general manager of the twenty-three Burger King restaurants and as Plaintiff's direct supervisor.

27. In September 2012, Plaintiff suffered a workplace injury that resulted in a degree of permanent, physical functional disability.

28. Plaintiff made a claim for workers' compensation resulting from the workplace injury.

29. Plaintiff was on FMLA leave while recovering, but Defendant Griffith and others of Defendants' employees pushed Plaintiff to return from work before he was recovered and before he was released from a physician.

30. Plaintiff returned to work on light duty, as prescribed by his physician, and sought the light duty as an accommodation for his disability.

31. Defendant Griffith and others of Defendants' employees continued to push Plaintiff to do more than he was physically able to do and more than his physician had released him to do and in excess of what his accommodation required or allowed him to do.

32. Plaintiff made complaints to the human resources director for Defendant Barnett Management Co. and other upper management of Defendant Barnett Management Co.

33. Defendants, and their employees, refused to do anything to correct the harassment directed toward Plaintiff.

34. Instead, the human resources director advised Plaintiff that if Defendant Bill Griffith "pushed" him to do more than he could, Plaintiff should simply "push back" or simply "deal with it."

35. Another of Defendant Barnett Management Co.'s upper managers only responded to Plaintiff's complaint by asking how Plaintiff liked "working for a bastard."

36. On November 15, 2012, Defendants terminated Plaintiff's employment.

# COUNT ONE
## VIOLATION OF ADA—42 U.S.C. §§ 12112, 12116, 12203

37. Plaintiff incorporates and adopts paragraphs 1 through 36 above as if fully set forth herein.

38. The ADA prohibits employers from discriminating against employees on the basis of disability, whether "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

39. Defendants discriminated against Plaintiff on the basis of a disability, contrary to 42 U.S.C. § 12112(a).

40. Defendants failed to offer or to provide Plaintiff with reasonable accommodations sufficient to allow Plaintiff to perform the necessary job functions.

41. As a result of Defendants' conduct, Plaintiff is entitled to collect wages, employment benefits, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, and benefits, including her back pay damages, pain and suffering for Defendants' retaliation, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu thereof, front pay and other appropriate equitable relief, as well as all other remedies available under the ADA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff compensation in the amount due for wages, salary, employment benefits, pension benefits, or other compensation denied or lost by Plaintiff as a result of Defendants' ADA violations in an amount proved at trial;

    b. Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendants' ADA violations up to a sum equal to twelve weeks of Plaintiff's wages or salary;

    c. Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;

    d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 42 U.S.C. § 12205;

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    g. For such other and further relief as the Court deems just and proper.

### COUNT TWO
### VIOLATION OF FMLA—29 U.S.C. §§2615, 2617

42. Plaintiff incorporates and adopts paragraphs 1 through 41 above as if fully set forth herein.

43. The FMLA permits an eligible employee to take up to twelve weeks of unpaid leave in any twelve month period for various purposes, including a serious health condition that makes the employee unable to perform one or more of the essential functions of his job.

44. Plaintiff was an "eligible employee" under the FMLA, and Defendants are covered employers.

45. Plaintiff suffered from a "serious health condition" as defined by the FMLA.

46. Plaintiff took qualified FMLA leave because of his serious health condition.

47. Plaintiff's employment was terminated because he availed himself of qualified FMLA leave.

48. Defendants' termination of Plaintiff's employment constitutes a violation of the FMLA as it:

    a. Interfered with Plaintiff's FMLA rights;

    b. Retaliated against Plaintiff for exercising FMLA leave.

49. As a result of Defendants' conduct, Plaintiff is entitled to collect wages, employment benefits, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, and benefits, including her back pay damages, pain and suffering for Defendants' retaliation, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu thereof, front pay and other appropriate equitable relief, as well as all other remedies available under the FMLA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

    a. Awarding Plaintiff compensation in the amount due for wages, salary, employment benefits, pension benefits, or other compensation denied or lost by Plaintiff as a result of Defendants' FMLA violations in an amount proved at trial;

    b. Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendants' FMLA violations up to a sum equal to twelve weeks of Plaintiff's wages or salary;

    c. Awarding Plaintiff liquidated damages in an amount equal to the award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;

    e. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 2617(a)(3);

    f. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    g. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    h. For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**WRONGFUL TERMINATION / RETALIATION—23 A.R.S. § 1501**

50. Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

51. The AEPA prohibits employers from terminating employees in retaliation for the exercise of the employees of protected conduct, including, without limitation, the following: "The exercise of rights under the workers' compensation statutes prescribed in chapter 6 of [A.R.S. Title 23]." A.R.S. § 2301501(3)(c)(iii).

52. Plaintiff engaged in conduct protected by A.R.S. § 23-1501(3)(c)(iii) by filing a claim under the workers' compensation statutes.

53. Defendants retaliated against Plaintiff by terminating Plaintiff's employment.

54. Defendants terminated Plaintiff's employment as a direct result of Plaintiff's exercise of protected conduct.

55. By virtue of Defendants' violations of A.R.S. § 23-1501 as alleged above, Plaintiff is entitled to preliminary and permanent equitable injunctive relief and damages including, but not limited to, back pay, front pay, and other such damages.

56. Defendants engaged in its conduct in reckless indifference to Plaintiff's statutorily protected rights, and Plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff his compensatory damages in a reasonable amount to be determined by the trier of fact.

    b. Awarding Plaintiff his consequential and incidental damages, including his costs in finding new employment and his losses resulting from his lack of employment, in a reasonable amount to be determined by the trier of fact.

    c. Awarding Plaintiff punitive and exemplary damages as a result of Defendants' willful and reckless conduct.

    d. Awarding Plaintiff pre-judgment interest on all amounts calculated and awarded pursuant to paragraphs (a) and (b) at the highest legal rate from the date of the injury until the entry of judgment.

    e. Awarding Plaintiff post-judgment interest from the date of the judgment until it is paid in full.

    f. Awarding Plaintiff his costs and attorneys' fees pursuant to A.R.S. § 12-341.01.

    g. For any other relief deemed just and equitable under the circumstances.

## COUNT FOUR
## DECLARATORY JUDGMENT

57. Plaintiff incorporates and adopts paragraphs 1 through 56 above as if fully set forth herein.

58. Plaintiff and Defendants have a dispute pending regarding discrimination and retaliatory discharge.

59. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

60. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Plaintiff was a "qualified individual" and an "employee" under the ADA.
   b. Defendants were "covered entities" and "employers" under the ADA.
   c. Defendants discriminated and retaliated against Plaintiff on the basis of his disability.
   d. Defendants failed to offer or to provide Plaintiff with reasonable accommodations sufficient to allow Plaintiff to perform the necessary job functions.
   e. Plaintiff was an "eligible employee" who was suffering from a "serious health condition" as defined by the FMLA.
   f. Defendants are covered employees under the FMLA.
   g. Plaintiff took qualified FMLA leave because of his serious health condition.
   h. Defendants terminated Plaintiff's employment because he availed himself of qualified FMLA leave.
   i. Defendants' termination of Plaintiff's employment constitutes a violation of the FMLA.

      j.  Plaintiff made a claim pursuant to Arizona's workers' compensation statutes.

      k.  Defendants terminated Plaintiff's employment in retaliation for Plaintiff's exercise of his workers' compensation rights.

      l.  Defendants engaged in its conduct maliciously or in reckless indifference to the likelihood of damages to Plaintiff, and Plaintiff is entitled to an award of punitive and exemplary damages.

      m.  As a result of Defendants' conduct, Plaintiff is entitled to collect wages, employment benefits, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, and benefits, including her back pay damages, pain and suffering for Defendants' retaliation, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu thereof, front pay and other appropriate equitable relief, as well as all other remedies available under the FMLA, the ADA, and A.R.S. § 23-1501.

61.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the ADA and the FMLA.

62.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the ADA and the FMLA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation; and

    c. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: October 11, 2013

                Respectfully submitted,

                **PHILLIPS DAYES LAW GROUP PC**

                By: /s/ John L. Collins
                      John L. Collins
                      Arizona Bar No. 030351
                      johnc@phillipsdayeslaw.com
                      Attorney for Plaintiff